IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 04-cv-01423-WDM-BNB

JAMES D. CUNNINGHAM,

Plaintiff,

v.

TOM RIDGE,
JOHN ASHCROFT,
DAVID M. STONE,
JAMES LOY,
RENE DHENIN,
RALPH HAMBLIN,
LINDA LANGLEY,
RON DEGAUS,
ELLIE VASCONEZ,
STEVE GILLMOR,
THOMAS MULHERN,
MARTINA GRIGGS JOHNSON,
CAROLYN WILLIAMS,
VELMA WILEY,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed his Complaint on July 12, 2004.  He describes the defendants as "all Transportation Security Administration and a subsidiary Corporation under U.S. DEPARTMENT OF HOMELAND SECURITY."  *Complaint*, tenth consecutive page.  On October 28, 2004, the plaintiff filed a Motion for Entry of Default Judgement seeking a default judgment against all defendants.  The motion stated that the Mesa County Sheriff's Department had served process on all of the defendants on or about July 16, 2004.  Returns of Service were filed concerning all

defendants on October 22, 2004. It appeared from the Returns of Service, however, that service had not been effected.

A plaintiff must comply with the following requirements in order to effect service on the United States, its agencies, corporations, officers, or employees:

> (1) Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.
>
> (2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.
>
> (B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i).

In order to determine whether the plaintiff had effected proper service on the defendants, I held a Status Conference on January 24, 2005. At the Status Conference, the plaintiff admitted that he had not made personal service as required by Fed. R. Civ. P. 4(e) and (i)(2)(B) with respect to defendants Tom Ridge; John Ashcroft; David M. Stone; James Loy; Thomas Mulhern; Martina Griggs Johnson; Carolyn Williams; and Velma Wiley in their individual capacities. Consequently, on January 27, 2004, I ordered the plaintiff to effect proper service of process upon these defendants as required by Rule 4(i), Fed. R. Civ. P., on or before February 28, 2005.

On March 25, 2005, defendants Hamblin, Dhenin, DeGaus, Langley, Vasconez, and Gilmore,[1] in their individual and official capacities, and defendants Ridge, Ashcroft, Stone, Loy, Williams, Johnson, Mulhern, and Wiley, in their official capacities, filed a motion to dismiss the Complaint. The motion states that no response was being filed on behalf of defendants Ridge, Ashcroft, Stone, Loy, Williams, Johnson, Mulhern, and Wiley, in their individual capacities, because they have not been properly served.

There is no indication in the record that the plaintiff has effected proper service on defendants Ridge, Ashcroft, Stone, Loy, Williams, Johnson, Mulhern, and Wiley in their individual capacities. Accordingly, I ordered the plaintiff to show cause on or before January 16, 2006, why this case should not be dismissed as against defendants Ridge, Ashcroft, Stone, Loy, Williams, Johnson, Mulhern, and Wiley in their individual capacities, for failure to prosecute; failure to comply with my January 27, 2004, Order; and for failure to comply with Rule 4(i) of the

---

[1] The defendants assert, and the plaintiff does not dispute, that defendant Steve Gillmor's last name is correctly spelled "Gilmore." Therefore, I will refer to the defendant as Steve Gilmore.

Federal Rules of Civil Procedure. D.C.COLO.LCivR 41.1. I warned the plaintiff that failure to show cause on or before January 16, 2006, would result in my recommendation that this case be dismissed as against defendants Ridge, Ashcroft, Stone, Loy, Williams, Johnson, Mulhern, and Wiley in their individual capacities. The plaintiff did not respond to my show cause order.

I respectfully RECOMMEND that the Complaint be dismissed as against defendants Ridge, Ashcroft, Stone, Loy, Williams, Johnson, Mulhern, and Wiley in their individual capacities for failure to prosecute; failure to comply with my January 27, 2004, Order; and for failure to comply with Rule 4(i) of the Federal Rules of Civil Procedure. D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 24, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge