IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-01423-WDM-BNB

JAMES D. CUNNINGHAM,

    Plaintiff,

v.

TOM RIDGE, et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation from Magistrate Judge Boyd N. Boland, issued January 5, 2006, that defendants' motion to dismiss, filed March 25, 2005, (docket number 32) be granted in part to dismiss all claims against the defendants in their official capacities and denied in part as to defendants Hamblin, Dhenin, DeGaus, Langley, Vasconez, and Gilmore, also known as Gillmor, in their individual capacities. Said defendants are entitled to de nevo review on those issues, they specifically object to. 28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2nd 1165, 1167 (10th Cir. 1991). Although given additional time to object, defendants did not object to this particular recommendation. Having reviewed the Motion to Dismiss, and Response thereto, the Complaint, Recommendations, Objection, and other relevant filings, I do conclude that the recommendation should be accepted as modified herein.

Discussion

No one objects to Magistrate Judge Boland's conclusion that plaintiff's claims against defendants in their official capacities are barred by sovereign immunity. I agree.

The objections of certain defendants is to the recommendation that the motion be denied as to the claims against them in their individual capacities in disregard of the Civil Service Reform Act (CSRA). As defendants point out, it is well established that a Bivens claim by a federal employee alleging constitutional violations by the employing parties is preempted by the CSRA to the extent the claim is covered by the statute's prohibited personnel practices. 5 U.S.C. § 2302(b) Bush v. Lucas, 462 U.S. § 67 (1983); Brothers v. Curtis, 886 F.2nd 1282 (10th Circuit, 1989).

The Magistrate Judge recognized this law but declined to rule because defendants' bare-bones motion did not address how the complaint's allegations were covered by the practices prohibited by section 2302(b). In effect, Magistrate Judge Boland declined to do the work which the advocate should have performed. Even though defendants have flushed out more of their arguments in their objection, I still agree with Magistrate Judge Boland. I also note that even if it appears defendants may prevail, their practice has minimized the opportunity of the plaintiff to respond meaningfully with any focus. In these circumstances the best approach is to accept the recommendation without prejudice to the defendants resubmitting the issue with a new motion.

Accordingly, it is ordered:

1. Magistrate Judge Boyd N. Boland's January 5, 2006 recommendation is

accepted as modified herein.

2. Defendants' motion to dismiss, (docket number 32), is granted in part and denied in part.

3. Plaintiff's claims against defendants Ridge, Ashcroft, Stone, Loy, Dhenin, Hamblin, Langley, DeGaus, Vasconez, Gillmor, Mulhern, Johnson, Williams, and Wiley in their official capacities are dismissed.

4. The claims against defendants Hamblin, Dhenin, DeGaus, Langley, Vasconez, and Gillmor in their individual capacities remain pending without prejudice to their filing a new motion to dismiss.

DATED at Denver, Colorado, on March 31, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge