IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 04-cv-01423-WDM-BNB

JAMES D. CUNNINGHAM,

Plaintiff,

v.

TOM RIDGE,
JOHN ASHCROFT,
DAVID M. STONE,
JAMES LOY,
RENE DHENIN,
RALPH HAMBLIN,
LINDA LANGLEY,
RON DEGAUS,
ELLIE VASCONEZ,
STEVE GILLMOR,
THOMAS MULHERN,
MARTINA GRIGGS JOHNSON,
CAROLYN WILLIAMS,
VELMA WILEY,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendants' Motion to Dismiss** [Doc. #54, filed 4/12/06] (the "Motion") filed by defendants Hamblin, Dhenin, DeGaus, Langley, Vasconez, and Gilmore[1]

---

[1] The defendants assert, and the plaintiff does not dispute, that defendant Steve Gillmor's last name is correctly spelled "Gilmore." Therefore, I will refer to the defendant as Steve Gilmore.

in their individual capacities.[2]  For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED and that this case be dismissed in its entirety.

## I.  BACKGROUND

The plaintiff filed his Complaint on July 12, 2004.  The Complaint describes the defendants as "all Transportation Security Administration and a subsidiary Corporation under U.S. DEPARTMENT OF HOMELAND SECURITY."  *Complaint*, tenth consecutive page.

The Complaint contains the following allegations:

1.  The plaintiff began employment with the Transportation Security Administration ("TSA") in October 2002.  Id. at ¶ 30.  After initial training, he reported to duty at the Walker Field Airport in Grand Junction.  Id. at ¶ 31.

2.  On June 13, 2003, the plaintiff was screening a bag and failed to detect a pocket knife.  Id. at ¶ 36.  The plaintiff was placed on administrative leave on June 16, 2003.  Id. at ¶ 38.  Two weeks later, he was wrongfully terminated for failing to report on his employment application that he had been fired from a previous job with Anderson News.  Id. at ¶¶ 39-40 and Exhibit G.  The letter of termination questioned the plaintiff's honesty and suitability to work for the United States government and banned him from access to the TSA offices at Walker Field and all other TSA facilities.  Id. at ¶ 48 and Exhibit G.

3.  The plaintiff took several measures to attempt to correct his termination.  Id. at ¶¶ 49-56.  He presented evidence to the TSA to show that he did not falsify his employment application.

---

[2]The defendants assert that no response is being filed on behalf of defendants Ridge, Ashcroft, Stone, Loy, Williams, Johnson, Mulhern, and Wiley, in their individual capacities because they have not been properly served.  I recommended dismissal of these defendants on January 24, 2006.  *Recommendation of United States Magistrate Judge* [Doc. # 44, filed 1/24/2006].

Id. at ¶ 41.  On August 20, 2003, he filed a complaint with the Office of Special Counsel of the Merit Systems Protection Board ("MSPB") alleging that he had been wrongfully terminated to "cover TSA's screener layoff" and for whistle-blowing.  Id. at ¶ 53 and Exhibit N.  He also filed an appeal with the MSPB.  Id. at ¶ 54 and Exhibit O.

      4.  On October 30, 2003, Anderson News sent TSA information indicating that they had previously misinformed TSA that the plaintiff had been terminated for failing a drug test.  Id. at ¶ 55 and Exhibit P.

      5.  The plaintiff subsequently received conflicting messages regarding whether he was reinstated at TSA.  Id. at ¶ 57.

      6.  TSA sent special agents to the plaintiff's home to harass, intimidate, and threaten him.  Id. at ¶ 59.

      7.  On May 28, 2004, the plaintiff received a letter which stated that he was terminated for failing to locate the pocket knife in June 2003.  Id.

      The Complaint asserts four claims. Claim One alleges that the defendants have violated and are still violating the plaintiff's Fifth Amendment rights because they failed to allow him to prove his innocence and because the plaintiff "is still Barred from any facility that TSA is in control of."  Id. at ¶ 63.  Claim Two alleges that the defendants violated the plaintiff's Seventh Amendment rights when they failed to provide him with a hearing prior to his wrongful termination.  Claim Three alleges that the defendants knowingly deprived the plaintiff of his right to prove his innocence in violation of the First Amendment.  Claim Four (inaccurately entitled "Count VI") alleges that the defendants conspired to deprive the plaintiff of his rights under the

Constitution, TSA and Homeland Security policies and regulations, and various other federal statutes. Id. at nineteenth and twentieth consecutive pages.

The plaintiff seeks "$250,000 U.S. per individual per event" for each claim; punitive damages; and "Sanctions, in the most stringent available to this Honorable Court." Id. at ¶¶ 70-67.

## II. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## III. ANALYSIS

The plaintiff lists several jurisdictional bases including 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity); 11 U.S.C. § 101(5)(a) (the Bankruptcy Code's definition of "claim"); and the Foreign Sovereign Immunities Act of 1961. *Complaint*, sixth and seventh

consecutive pages. A plaintiff's private right of action against federal agents for constitutional violations was judicially created in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction under 28 U.S.C. § 1331. Farmer v. Perrill, 275 F.3d 958, 960 n.4 (10th Cir. 2001); Kite v Kelley, 546 F.2d 334, 337 (10th Cir. 1976). Consequently, I construe the plaintiff's constitutional claims as Bivens claims.

### A. Civil Service Reform Act

The defendants assert that the Civil Service Reform Act ("CSRA") provides the exclusive remedy for the plaintiff's constitutional claims against the defendants in their individual capacities.[3] The Tenth Circuit Court of Appeals has explained the interplay between the CSRA and a Bivens claim:

> In *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Supreme Court, for the first time, refused to recognize a *Bivens* remedy for unconstitutional activities in federal personnel decisions. Holding that the plaintiff was limited to the remedial scheme of the CSRA, the Court explained:
>
> "Federal civil servants are now protected by an elaborate comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures--administrative and judicial--by which improper action may be redressed. They apply to a multitude of personnel decisions that are made daily by federal agencies. Constitutional challenges to agency action . . . are fully cognizable within this system." *Id.* 462 U.S. at 385-86, 103 S.Ct. at 2414-15.
>
> The Court recently reiterated its cautious approach to extending *Bivens* remedies into new contexts in *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). There the Court declined to provide a *Bivens* remedy for social security claimants challenging the termination of their benefits. The Court

---

[3]The claims against the defendants in their official capacities have been dismissed. *Order on Recommendation of Magistrate Judge* [Doc. #50, filed 3/31/06].

> stated that "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Id.* at 423, 108 S.Ct. at 2467.

Petrini v. Howard, 918 F.2d 1482, 1483-84 (10th Cir. 1990).

In determining whether a Bivens action is available to a plaintiff, the Tenth Circuit has stated that "courts must withhold their power to fashion damages remedies when Congress has put in place a comprehensive system to administer public rights, has not inadvertently omitted damages remedies for certain claimants, and has not plainly expressed an intention that the courts preserve *Bivens* remedies." Brothers v. Custis, 886 F.2d 1282, 1284 (10th Cir. 1989) (internal quotations and citation omitted). The Tenth Circuit has determined that the CSRA falls squarely within these parameters. Id. at 1284-85.

The CSRA provides that an employee may petition the Office of Special Counsel of the MSPB alleging a prohibited personnel practice. 5 U.S.C. § 1206(1). The CSRA provides a list of "prohibited personnel practices." 5 U.S.C. § 2302. The list of prohibited personnel practices is comprehensive and includes the following catch-all provision:

> tak[ing] or fail[ing] to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title.

5 U.S.C. § 2302(b)(12). Section 2301 requires that the management of federal personnel be consistent with numerous merit system principles including proper regard for the employees' constitutional rights. Id. at § 2301(b)(2).

The plaintiff complains that his constitutional rights were violated in connection with his termination from employment. The CSRA's broad definition of prohibited personnel practices encompasses the plaintiff's allegations. Indeed, the plaintiff alleges that he availed himself of the procedures and remedies of the CSRA after his initial termination for falsifying his employment application. *Complaint*, ¶¶ 53, 54 and Exhibits N, O. Because the CSRA accommodates the plaintiff's constitutional claims, creation of a Bivens remedy is unwarranted.[4] See Petrini, 918 F.2d at 1484.

In addition to alleging a conspiracy to deprive the plaintiff of his constitutional rights, Claim Four alleges a conspiracy to deprive him of his rights under TSA and Homeland Security policies and regulations, and various other federal statutes. To the extent the plaintiff is attempting to state a cause of action based on policies, regulations, and federal statutes, "[i]t is beyond dispute that the CSRA was intended to provide the exclusive procedure for challenging federal personnel decisions." Petrini, 918 F.2d at 1485 (holding that the plaintiff's state law tort claims were preempted by the CSRA).

## IV. CONCLUSION

I respectfully RECOMMEND that the Defendants' Motion to Dismiss be GRANTED and that this case be DISMISSED in its entirety.[5]

---

[4] Moreover, as to Claim One's allegations that the plaintiff is banned from TSA facilities, the Tenth Circuit has declined to fashion a Bivens remedy for claims relating to the denial of security clearances. Beattie v. The Boeing Co., 43 F.3d 559, 563-66 (10th Cir. 1994).

[5] Because I recommend dismissal of the plaintiff's claims based on the CSRA, I do not reach the defendants' qualified immunity argument. Dismissal of the case in its entirety implicates my Recommendation of January 24, 2006. See note 2, supra.

7

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 30, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge