IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-01423-WDM-BNB

JAMES D. CUNNINGHAM,

Plaintiff,

v.

TOM RIDGE,
JOHN ASHCROFT,
DAVID M. STONE,
JAMES LOY,
RENE DHENIN,
RALPH HAMBLIN,
LINDA LANGLEY,
RON DEGAUS,
ELLIE VASCONEZ,
STEVE GILLMORE,
THOMAS MULHERN,
MARTINA GRIGGS JOHNSON,
CAROLYN WILLIAMS, and,
VELMA WILEY,

Defendants.
_____

ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE
_____

Miller, J.

This matter is before me on two recommendations of Magistrate Judge Boyd N. Boland, the first issued January 24, 2006, (doc. no. 44) and another issued November 30, 2006 (doc. no. 66), as well as Plaintiff's Motion to Reconsider (doc. no. 57) my Order of March 31, 2006 regarding another recommendation. Plaintiff objects to the recommendations and I have reviewed *de novo* the pertinent portions of the record.

To take the simplest matter first, Plaintiff requests reconsideration of my March 31st order because it did not take into account Plaintiff's objections filed on February 3, 2006 [sic] (doc. nos. 46 and 47). What Plaintiff has failed to note is that the March 31st order deals with the Recommendation dated January 5, 2006 (doc. no. 40) while his objections apply to the Recommendation dated January 24, 2006 (doc. 44). While the document numbers are not referred to in either the order or the objections, the date of the Recommendation addressed by each objection is stated in the first line of the objection. Consequently, there was no need for those objections to be considered when ruling on the January 5th Recommendation and therefore Plaintiff's Motion for Reconsideration is without merit.

On a more substantive level, Plaintiff is correct that the objections to which he has referred have not been considered because I have not yet ruled on the January 24, 2006, Recommendation. That Recommendation does not deal with a specific motion filed by any of the parties but rather follows up on the Order to Show Cause entered on January 5, 2006 (doc. no. 39). The Order to Show Cause gave Plaintiff a deadline of January 16, 2006 to show cause why his case should not be dismissed as against Defendants Ridge, Ashcroft, Stone, Loy, Mulhern, Johnson, Williams and Wiley in their individual capacities for, among other things, failure to comply with the court's order of January 27, 2005 which required proper service on those individuals by February 28, 2005. On January 18, 2006, Plaintiff received an extension of time to respond to the Order to Show Cause but he failed to do so. On January 24, 2006, Magistrate Judge Boyd N. Boland entered a Recommendation that the claims against those eight Defendants in their individual capacities be dismissed, because of Plaintiff's failure to effect proper service on them.

Plaintiff filed Objections to the January 24, 2006 Recommendation on February 3, 2006 and February 8, 2006. He asserts that Magistrate Judge Boland's January 24, 2006, Recommendation was premature because Plaintiff was not allowed the entire extended period in which to file his response to the Order to Show Cause. That issue has become moot, given his opportunities to present all arguments in the form of his objections to the January 24th Recommendation instead.

The gist of Plaintiff's objections is that he has filed proof of service by certified mail on Defendants Ridge, Ashcroft, Stone, Loy, Mulhern, Johnson, Williams and Wiley allegedly in compliance with Fed.R.Civ.P. 4(e) and (i)(2)(b). Plaintiff has been advised such service is not sufficient. For claims against those Defendants in their individual capacities, there must be personal service not simply service by mail. Plaintiff provides no proof that he has done so. Consequently, the Recommendation that claims against those eight Defendants in their individual capacities be dismissed is accepted.

The final matter at issue is the Recommendation of Magistrate Judge Boland dated November 30, 2006 that deals with a Motion to Dismiss filed on behalf of Defendants Dhenin, Hamblin, Langley, DeGaus, Vasconez and Gilmore in their individual capacities.[1]

In short, the Recommendation recommends that the Motion to Dismiss be granted because this court lacks jurisdiction over the claims that Plaintiff has attempted to bring against these Defendants in their individual capacities. More specifically the Civil Service Reform Act (CSRA) provides the exclusive remedy for alleged constitutional violations related to adverse employment actions. This issue has been raised previously, e.g. Order

---

[1] As the Recommendation notes, the claims against all defendants in their official capacities were dismissed by Order of March 31, 2006.

of March 31, 2006, but as Defendant had not yet filed a motion that squarely addressed the subject, therefore allowing the Defendant a full opportunity to respond, the court declined to rule on it. At this point, Plaintiff has had an opportunity to not only respond to the motion to dismiss but also to file objections to the Recommendation.

Plaintiff's objection is essentially that he has exhausted all administrative remedies and therefore should be allowed to proceed with his judicial action. He then goes on to list approximately a dozen actions that he has taken generally with regard to notifying certain individuals or offices about his grievances. Nevertheless, Plaintiff is incorrect that these actions allow him to bring these claims in this court.

"We have recognized that the CSRA 'comprehensively overhauled the civil service system,' creating an elaborate 'new framework' for evaluating adverse personal actions against (federal employees). It prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." *United States v. Fausto*, 484 U.S. 439, 443 (1988) (citations omitted). "The CSRA provides covered employees the opportunity to appeal removals and other serious disciplinary actions to the Merit Systems Protection Board [5 U.S.C.] §§7512-7513." *United States Postal Service v. Gregory,* 534 U.S. 1, 4-5 (2001). Title 5 U.S.C. § 7703(a)(1) states "Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision."

In other words, there are precise procedures in the CSRA that an individual must follow before claims relating to an adverse employment action may be brought to court. Plaintiff has not followed those procedures. This case has never been postured as the

appeal of a decision from the Merit Systems Protection Board. Under these circumstances, this court has no jurisdiction to hear these claims.

Accordingly, it is ordered:

1. Plaintiff's Motion to Reconsider, filed April 17, 2006, (doc. no. 57) is Denied.

2. The Recommendation of Magistrate Judge Boland, issued January 24, 2006, (doc. no. 44) is accepted.

3. Plaintiff's claims against Defendants Ridge, Ashcroft, Stone, Loy, Mulhern, Johnson, Williams and Wiley in their individual capacities are dismissed without prejudice.

4. The Recommendation of Magistrate Judge Boland, issued November 30, 2006, (doc. no. 66) is accepted.

5. Defendants' Motion to Dismiss, filed April 12, 2006, (doc. no. 54) is Granted. Plaintiff's claims against Defendants Dhenin, Hamblin, Langley, DeGaus, Vasconez and Gilmore in their individual capacities are dismissed with prejudice.

6. This case is dismissed in its entirety.

DATED at Denver, Colorado, on February 7, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge